# Puckett *et al.* Appellants *v.* McDonald *et al.*

A sale of the lands belonging to the estate of a person deceased, under an order of the
probate court, which does not show notice to the heirs of the estate, is void.

Where lands are conveyed by trustees, with covenants of warranty, a failure of title
may be set up in bar of a recovery of the purchase money, although there has been
no previous eviction.

APPEAL from the court of chancery.

The bill was filed to enjoin a judgment obtained in the Rankin
circuit court in favor of the appellees as the representatives of R.
S. Rogers, deceased, against the appellants, on a note given by
them for the purchase money bid by Puckett, one of the appellants,
for two lots in Brandon, sold by the appellees, as administrators of
said R. S. Rogers, under an order of sale, made by the probate
court of Rankin county.   The order is in the following words:—
"On application of the administrators of the estate of R. S. Rogers,
deceased, this day in open court made, it is ordered that said
administrators proceed forthwith to sell the real estate of said de-
ceased, by giving notice as the law directs."   This is the only
evidence afforded by the record of the probate court of the authori-
ty of the appellees to sell the lands belonging to the estate of R. S.
Rogers.   No notice appears to have been given, nor indeed was
any citation ordered by the court.   The bill insisted, that this
order is null and void, and therefore that the consideration of the
note sued on has wholly failed.   It further alleged, as a reason for
not defending the suit at law, the ignorance of the complainant of
this defect in the title of the vendors.   The answer admitted the
facts stated in the bill, but insisted that the order of the probate
court is yet in full force, and authorized the sale, and that the

appellees made to Puckett a deed of general warranty, under which he went into possession, and yet continues in possession. The injunction was dissolved, on the bill and answer.

W. Yerger, for appellants.

The facts in this case present nearly the same question with that argued in the suit of Brown *v.* Campbell, on the subject of the probate court's jurisdiction; I will not therefore cite any authorities on that point, as they are fully referred to in the brief by me submitted in that case. It is said that the administrator, however, gave covenants of warranty in this case, on which the complainant could rely, and that this distinguishes the present from the former case. Upon this point I beg leave to state, that the authorities are numerous, and clearly establish the position, that if the sale is void because of a failure of title to the land, so is the note void, notwithstanding a deed with covenants may have been taken; Bliss *v.* Negus, 8 Mass. Rep. 46; Fowler *v.* Shearer; 7 Ib. 14; Thomas *v.* Trustees of Harrodsburg, 3 Mar. 298; 4 Litt. 242; Bay. on Bills, 538; 2 Stew. R. 331; Wiley & Gayley *v.* White & Leslie, 11 Johns. R. 50.

This is particularly the case in sales made by administrators, who, acting in the capacity of trustees, are not even liable to an action upon the covenants made by them, the deed being *ipso facto* void, as made without authority of the court; 7 Mass. Rep. 22; 8 Mass. 46; 2 Stew. 331.

Work, for appellees.

It is respectfully insisted by the counsel of Mrs. Rogers, the widow and adminstratrix in this case, that the probate court had *plenary* jurisdiction of the subject matter, and the persons in this case, and that said judgment is final and conclusive, not subject to question in this collateral manner, and only liable (if erroneous) to be revised and corrected by appeal or writ of error. See H. & H. Dig. 418, sec. 113; 417, sec. 110; 420, sec. 119; 407, sec. 76; Gildart *v.* Starks, 1 How. 450; 11 Serg. & Rawle; H. & H. 409, section 79; McMurran *v.* Vertner and wife, opinion of this term, 2d, 3d, and 4th pages of the opinion; Elliott &c. *v.* Piersol &c. 1 Peters, 340. The supreme court of the U. States say, "We agree

that if the county court had jurisdiction, its decision would be conclusive." "Where a court has jurisdiction, it has a right to decide every question that occurs in the cause, and whether its decision be correct or otherwise, its judgment until reversed is regarded as binding in every other court." In this case, and in the case referred to by opposing counsel in 4 Peters, 466, of Hollingsworth *v.* Barbour, see 10 Peters, 471. The courts had not jurisdiction of either the persons or subject matter, and so in the case in 3 J. J. M. 105. In the case before the court, the probate court had jurisdiction of the persons and subject matter, and it is insisted its decision is *not void;* and if not void, it cannot be questioned in this court in this way.

But if the order of the probate court is void, still the decision of the chancellor is correct. There is filed as an exhibit, with the answer of McDonald and Mrs. Rogers, a deed accepted by Puckett, with full covenants or general warranty, and he cannot complain. Sumner, administrator, *v.* Williams and Williams, 8 Massachusetts, 162, 201, &c.

If Puckett and Walker are entitled to any relief, they had full remedy at law, and their excuse for not defending at law is not sufficient. Green *v.* Robinson, in this court.

No fraud or eviction is alleged; the answer states Puckett, &c., and their alienes have uninterrupted possession, therefore the remedy is at law on the covenants in the deed. Parham *v.* Randolph, &c. 4 How. 452.

The case of Stockett *v.* Nicholson, Walker 76, cited by opposite counsel, is not applicable, because the court say there was no "road either *regularly or irregularly established.*" The case of Cable *v.* Bell, 1 Howard, referred to by the opposite counsel, is not applicable. A *judgment of a court* was not the subject of controversy, but the *act* of the administrator, who is a trustee, and who acted not in accordance with law, but *in opposition to express law;* for the law *forbid* the administrator to take the property at the appraised value.

In the case before the court, it does not appear that there were any heirs on whom notice could be served. It appears from the record that there was a widow, and that she joined in the sale and warranty, and also conveyed her dower to Washington, the alienee

of the complainant, Puckett. The complainants do not pray a re-cision of the contract, by which the parties may be placed in *statu quo*, but keep the property, and have sold it, till it has passed into the hands of the county for a jail. They have a general warranty deed and the relinquishment of the dower. They wish to keep all the property and retain these advantages, and be relieved of the payment of the money, which is so obviously unjust and contrary to first principles of equity, that the counsel for the widow, Mrs. Rogers, (whose all is involved in this suit,) cannot doubt that the decree of the chancellor dissolving the injunction will be sus-tained.

The proper parties are not before the court. The persons in possession ought to be parties, and the injunction was therefore properly dissolved.

It was argued by Mr. Yerger that in the case of Vorhees *v.* Bank of U. States, 10 Pet. 449, the attachment was *levied on land*, and that was notice to the whole world. Let it be granted. But the 15th section of the law of Ohio required three months no-tice of the issuing of the attachment to be published, though it may have been levied before judgment was given, (see second ex-ception in the opinion,) yet the judgment of the court was con-clusive of the evidence on which it was founded.

It has been insisted by Mr. Yerger that the probate court only has jurisdiction to sell the land when the personalty is insufficient to pay the debts; it has been said that all the laws on this subject must be construed in paria materia; let it be granted that all the acts must be construed as a body of law on this subject, yet it is denied that it must appear that the personal property is insufficient before the court has power to order a sale. If this idea is correct, it shows that the first law must repeal the four subsequent laws, which give the probate court unlimited power to sell. The legis-lature certainly confided a great deal to the discretion of the pro-bate courts. The substance of the statutes is, that upon certain notice, &c. if the probate court *shall be of opinion*, it is proper to sell the real estate, the court may order it sold; and from the authority of 10 Peters, before relied on, the judgments of the court ordering the sale is evidence as conclusive that all the evidence was before it that was necessary to authorize the sale.

It is believed from inspecting the statutes the court will perceive that a very full power or discretion is given to the probate courts in ordering sales.   And if the exercise of authority is confided to the *discretion* of an officer or tribunal, either executive, legislative, *judicial,* or *special,* their acts cannot be questioned collaterally.   6 Peters, 729–30, U. S. *v.* Aredondo, &c.; 20 Johns. 739, 740, and the authorities there cited.

But if the personalty must be exhausted before the probate court can order the sale of realty, yet it is insisted from the authorities cited it must not appear on the record that such was the proof before the probate court.   The court having given its judgment that a sale should be made, is conclusive that the proper evidence was before it to authorize the sale.   10 Peters, before cited.   It is believed that the argument of Judge Hughes has made it clear that the court had jurisdiction of the person or persons, and subject matter.

Lea and Lea, on the same side.

Mr. Justice TROTTER stated the case, and delivered the opinion of the court.

That the decree of the probate court is a nullity, and conveyed no authority to the administrators to sell the real estate, is too manifest, we think, to admit of any argument.   The court had no jurisdiction of the persons interested in the subject of the decree, because no notice, either active or constructive, was ever given them of the application made by the administrators.   And hence, according to the decision which has just been made in this court in the case of Lewis Campbell *et al. v.* W. J. Brown and wife, the order is absolutely void.   The principle of the two cases is precisely the same; and hence the defence is fully made out, unless the circumstance that the purchaser in this case took a deed with covenants, and went into possession, subjects it to a different determination.   We freely admit the doctrine, that when the vendee of land is let into possession under a deed with full covenants, and there has been no eviction nor any fraud, that he cannot resist the payment of the purchase money on the alleged ground of a defect of title.   In such case, he is driven to his remedy upon the covenants in his deed.

This case is however widely different from those where this doctrine is applied. Here the vendors were only acting as trustees in carrying into execution an order of the probate court.— That order is void, and consequently nothing passes or can pass by their subsequent act. The sale is virtually made by the court, and the administrators act only as commissioners to execute the order of sale. Their covenants in such circumstances cannot furnish a foundation upon which an action can be maintained against them personally, nor any protection to the vendee; nor can the vendee be supposed to place any reliance upon such assurances, since the contract itself, from its nature, is intended to convey only the title of the deceased. The purchaser must necessarily in such case rely upon the title of the deceased, and the validity of the *order of sale by the court.*

This view of the subject appears to be fully sustained by the authorities. See 2 Stewart's Ala. Rep. 335; 8 Mass. Rep. 46. In this case, there is evidently nothing upon which the deed can operate. It is absolutely void, and so shown to be by the record of the court. No eviction is therefore necessary, since the paramount title of the heirs is as effectually established by the evidence as it could be by the record of eviction.

We therefore think the decree of the chancellor should be reversed, and the injunction reinstated, and the cause remanded.